## CIRCUIT COURT OF LOUDOUN COUNTY

Loudoun County
Board of Supervisors

v.

Vanguard Ltd. Partnership et al.

Huthwaite Holdings Ltd. Liability Co.

v.

Loudoun County
Board of Supervisors et al.

October 19, 1995

Case No. (Chancery) 15824 (consolidated)

BY JUDGE THOMAS D. HORNE

The instant controversy illustrates how the default of a developer and of its lender impacts upon the developer's grantor, other secured parties, and the land subdivision process. This Court has previously addressed certain issues affecting the Waterford Farms Subdivision located in western Loudoun County. Those earlier findings are incorporated by reference in the instant letter opinion.

The Court has earlier determined that the Waterford Farms Subdivision is a lawfully platted 55 parcel subdivision approved by the Board of Supervisors of Loudoun County. Each of the individual 55 parcels have been taxed by the County since the approval of the subdivision, although no site improvements have been made and the property remains in an undeveloped state. This includes the lack of any road improvements to dedicated right of ways serving those parcels.

Approval of the record plat was conditioned upon the participation of the developer in a cash contribution agreement towards the completion of such improvements. The developer was permitted to fund such contribution by an irrevocable letter of credit. Such a letter of credit was provided and the record plat recorded.

After recordation of the subdivision plat, the bank upon which the letter was drawn became insolvent and was taken over by the Resolution Trust Company. As a result of this insolvency, the Resolution Trust Company in its capacity as receiver for the bank, notified the Board of Supervisors that it was repudiating the letter of credit.

As the cash account of the owner of the property with the defaulting lender was pledged as collateral for the letter of credit in favor of the County of Loudoun, the principal account balance of a first trust loan in the amount of $600,000.00, secured by one of the three parent parcels out of which the subdivision was formed, was offset against the loan balance. Accordingly, the balance due under this trust has been reduced by such offset.

Counsel for the Wilson Trust and Parcel Nine Corporation asks that the Court apply the rule of equitable apportionment in determining the method by which to satisfy the tax claims of the County and those having liens upon the subject parcels. *See, e.g., Norfolk City v. Ellis*, 67 Va. (26 Gratt.) 224 (1875); *Cooper v. Kolberg*, 247 Va. 341 (1994).

The instant 55 lot subdivision was created out of three contiguous parcels. Deeds of Trusts securing notes executed by the original developer do not refer to individual lots within the subdivision. Instead, they describe larger parcels out of which the subdivision was created. This has resulted in the inclusion of only a portion of certain of the subdivision lots in the property described by the security instruments.

The instant subdivision was created out of three contiguous parcels (Parcels 8, 9, and 10). The County has taxed the individual lots within the 55 lot subdivision. Accordingly, it seeks relief for tax delinquencies on the lots through the sale of numbered lots within the subdivision. Section 58.1-3965, Code of Virginia, as amended. However, Huthwaite Holdings, beneficiary, *inter alia*, of a first trust secured by Parcel 8, and a first non-recourse indemnity mortgage secured by Parcel 9, seeks to foreclose under its security instruments. To the extent that there remains a balance due Huthwaite after the payment of taxes and the first trust, they seek recovery against a contiguous parcel (Parcel 9) under the non-recourse indemnity mortgage.

The attorney for the Wilson Trust and Parcel Nine Corporation has proposed a phased scheme by which the individual subdivision lots subject to tax sale or foreclosure would be sold and the costs of improving the platted roads allocated among the individual lots within the subdivision. He suggests that such a scheme will both enhance the value of the individual lots and comply with the requirement of the Board of Supervisors that the funding of such improvements was a precondition to the development of the property and approval of the record plat.

As the Court has previously noted, the approval of the subdivision was in compliance with both state law and local ordinance. The trustee executed the final plat. Those who would lend money to the developer and their successors in interest, did so with notice that the cash contribution to the improvement of roads was a part of the approval process. As a result of the default of the bank upon which the letter of credit was drawn and the credit given against the principal due on the note secured by the trust on Parcel 8, both the developer and his bank were relieved of significant financial obligations. However, such a fund for improvements remains a significant part of the approved subdivision plan which the County has not vacated.

The appraiser has indicated that without site improvements the value of the individual lots is diminished.

Sale of the individual subdivision lots for delinquent taxes should precede sale under the security instruments. Sale under the non-recourse indemnity mortgage should follow the sale of the individual lots for delinquent taxes, and only if a deficiency exists after payment of delinquent taxes on the lots comprising Parcel 8 and the first trust secured by Parcel 8. Out of the proceeds of sale of the individual lots, after the payment of delinquent taxes due on the lot, a sum should be placed in escrow for future road improvements.

The amount to be placed in escrow shall be equitably apportioned among the parcels in accordance with the original bonding requirements of the County. For purposes of the allocation of such road improvements, the Court finds that the amount of the original Agreement and letter of credit with the County shall control.

Accordingly, the Court will direct that the following parcels within the Waterford Farms subdivision be sold and the taxes due paid out of the proceeds of sale: Parcels 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 21, 23, 24, 25, 26, 27, 28, and Parcel C.

Sale shall be by public auction upon four weeks notice of the time and date of such sale. The Court will appoint Mr. White as special commissioner to effect a sale of the properties. In the event he has already given bond in accordance with the provisions of § 58.1-3966, then no additional bond shall be required. Section 58.1-3969, Code of Virginia. Foreclosure under the indemnity mortgage shall be stayed pending sale of the subject parcels.

Those funds remaining after the sale of the individual lots shall be held by the commissioner pending a hearing as to the appropriate amount to be placed in escrow for road improvements. By their assent to the Decree reflecting the instant letter opinion, Parcel Nine and the Wilson Trust will be bound to a pro rata share of the costs apportioned to the remaining parcels in the subdivision.